IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION NO. 1:24-cv-8989 |
| v. | ) ) | COMPLAINT |
| ADMIRAL THEATER, INC. | ) ) | JURY TRIAL DEMAND |
| Defendant. | ) ) ) | |

**NATURE OF THE ACTION**

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of sex, race, and retaliation and to provide appropriate relief to Charging Party DeCarri Robinson and class of female and/or Black employees. As alleged with greater particularity in paragraphs 12-14 below, Defendant Admiral Theater, Inc. (Admiral) subjected DeCarri Robinson and a class of female employees to harassment because of their sex, female. Admiral also subjected Robinson and a class of Black employees to different terms and conditions of employment, including harassment, discriminatory appearance standards, and limited performance opportunities because of their race, Black. Finally, Admiral retaliated against Robinson for engaging in protected activity by terminating her employment.

**JURISDICTION AND VENUE**

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of

Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C.§ 2000e-5(f)(1) and (3) ("Title VII") and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were and are now being committed within the jurisdiction of the United States District Court for the District of Illinois.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1).

4. At all relevant times, Admiral has continuously been a corporation doing business in the State of Illinois and the City of Chicago and has continuously had at least 15 employees.

5. At all relevant times, Admiral has continuously been an employer engaged in an industry affecting commerce under Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## ADMINISTRATIVE PROCEDURE

6. More than thirty days prior to the institution of this lawsuit, DeCarri Robinson filed Charge No. 440-2021-01495 with the Commission alleging violations of Title VII by Admiral.

7. On January 29, 2024, the Commission issued to Admiral a Letter of Determination finding reasonable cause to believe that Title VII was violated and inviting Admiral to join with the Commission in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

8. On May 8, 2024, the Commission issued to Admiral a Notice of Failure of Conciliation advising Admiral that the Commission was unable to secure from Admiral a conciliation agreement acceptable to the Commission.

9. All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF CLAIMS

10. Admiral operates a club in Chicago at which there is live nude dancing. Admiral does not have a liquor license. Most of its revenue comes from cover charges and fees charged to customers for dances.

11. Admiral is or was the employer or *de facto* employer of dancers at the club, including Robinson. Robinson and other dancers are or were employees of Admiral.

   a. Admiral charges dancers a fee to perform each night.

   b. Admiral determines the cover charge that customers pay to enter the club.

   c. Admiral sets the fees for table dances and other private dances, as well as the portion of such fees that go to the dancer and the portion retained by the club.

   d. Dancers cannot charge higher or lower fees than those set by Admiral.

   e. Admiral employees determine when dancers perform on the club's stages.

   f. Admiral sets rules about when dancers have to be clothed or unclothed on stage and within the club. For example, during a stage set, a dancer is supposed to be fully nude by the third song.

   g. Dancers at Admiral do not select the music they perform to; the DJ, an Admiral employee, selects the music.

   h. Dancers are not allowed to accept tips via payment apps such as Venmo or Zelle.

    i. Dances may only receive tips in cash or "pleasure bills." A customer can purchase pleasure bills with a credit card. Admiral charges a 10% fee to a customer for pleasure bills, and when a dancer exchanges the pleasure bills at Admiral for cash, she is charged a 10% fee.

    j. Admiral controls security at the club and determines who may enter and remain in the club.

    k. Dancers at Admiral are not required to have any specific training or experience. They were not required to perform a dance audition for anyone at Admiral prior to being offered a job.

    l. Admiral bears the cost of operating and maintaining the club, including providing stages, private performance rooms, a dressing room, sound equipment, advertising, food and non-alcoholic beverages, DJs, waitstaff, hosts, and security. In contrast, dancers are responsible for providing their costumes, makeup, and hair supplies.

    m. Dancers are not hired to perform for any finite period of time.

12. Since in or about March 2017 and continuing to the present, Admiral has engaged in unlawful employment practices in violation of Section 702 of Title VII, 42 U.S.C. § 2000e-2(a)(1). Such unlawful employment practices include subjecting Robinson and a class of female employees who worked as dancers/entertainers at the club to sexual harassment by customers.

    a. Admiral contends that customers are not allowed to touch dancers, but despite this purported rule, customers engaged in frequent unwelcome touching of dancers, including digital vaginal or anal penetration; grabbing, slapping or groping of their breasts, butts, and genitals; pulling on their clothing; kissing

       or licking their butts, breasts, or genitals; and holding them against their lap or groin area.

    b. Admiral failed or refused to take reasonable steps to prevent and stop customers from engaging in unwanted contact with dancers and to protect dancers from sexual harassment by customers.

    c. The unwelcome contact by customers took place on the club floor and in private dance rooms. Managers have been on the club floor when dancers have been harassed by customers.

    d. When dancers complained to Admiral's security personnel or managers about customers touching them, Admiral failed to take reasonable stops to respond to their complaints. Admiral did not make any record of dancer's complaints and rarely kicked out customers for touching dancers.

13. Since in or about March 2017 and continuing to the present, Admiral has engaged in unlawful employment practices in violation of Section 702 of Title VII, 42 U.S.C. § 2000e-2(a)(1). Such unlawful employment practices include subjecting Robinson and a class of Black employees who worked as dancers at the club to discrimination in terms and conditions of employment because of their race.

    a. Black dancers were subjected to discriminatory appearance standards. For example, Admiral did not want Black dancers to perform in their natural hair, and required that their hair be straightened or that they wear wigs. Non-Black dancers were not subjected to such appearance standards. Admiral also enforced rules requiring that dancers cover up when walking around the club against Black dancers but did not consistently enforce the

        rule against White dancers. Black dancers were also subjected to comments about their weight that were not made to White dancers.

    b.    Admiral limited the performance of Black dancers. Admiral did not permit Black dancers to perform consecutively on stage. It also limited Black dancers from performing on stage during peak hours and more often had Black dancers perform on stage early in the evening or very late, when the club had fewer customers. This impacted Black dancers' ability to earn tips and fees for private dances. Non-Black dancers could perform on stage consecutively and had more opportunities to dance on stage during peak hours when the club had more customers.

    c.    Admiral would not allow Black dancers to perform to rap or hip hop music. Dancers were told it was because the owners did not want the club to become "too ghetto."

    d.    Admiral subjected Black dancers to harassment. In addition to the conduct described in a-c of paragraph 13, managers and employees made offensive racial comments and used racial slurs, including the n-word, all of which created a hostile work environment for Black dancers.

14.    In or about July 2020, Admiral engaged in unlawful employment practices in violation of Section 703 of Title VII, 42 U.S.C. 2000e-3(a). Such unlawful employment practices include retaliating against Robinson for engaging in protected activity.

    a.    Robinson engaged in protected activity opposing sex discrimination. While working as a dancer at Admiral, D.R. complained to her supervisor about non-consensual sexual touching and harassment as described in

        Paragraph 12. On or about June 17, 2020, Robinson posted a petition on change.org, naming Admiral and calling for changes to exotic dance clubs' discriminatory practices. The petition included a "responsive action plan," which demanded "sexual assault awareness" training, and new policies to ensure that "Customers reported who inflict such acts of violence upon entertainers and staff members are to be removed immediately and possibly banned." On or about July 5, 2020, Robinson sent an email to Admiral manager, Nick Cecola, in which she referenced the petition, complained about discrimination, and again demanded "sexual assault awareness" training.

b.    Admiral subjected Robinson to an adverse employment action because of her protected activity. In or about late July 2020, Admiral contacted dancers about returning to work when the club reopened after being closed due to Covid-19. Admiral did not invite Robinson to return to work, thereby terminating her employment.

15. The effect of the practices complained of in paragraphs 12-14 above has been to deprive Robinson and a class of employees of equal employment opportunities and otherwise adversely affect their status as employees, because of their sex, race, and/or protected activity.

16. The unlawful employment practices complained of in paragraphs 12-14 above were and are intentional.

17. The unlawful employment practices complained of in paragraphs 12-14 above were and are done with malice or with reckless indifference to the federally protected rights of Robinson and a class of female and Black employees.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Admiral its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from discriminating against female employees, Black employees, and employees who engage in protected activity.

B. Order Admiral to institute and carry out policies, practices, and programs which provide equal employment opportunities for women, Blacks, and employees who engage in protected activity and which eradicate the effects of its past and present unlawful employment practices.

C. Order Admiral to make whole Robinson by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

D.  Order Admiral to make whole Robinson by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs 12-14 above in amounts to be determined at trial.

E.  Order Admiral to make whole Robinson, a class of female employees, and a class of Black employees by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in paragraphs 12-14 above, including such as emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

F.  Order Admiral to pay Robison, a class of female employees, and a class of Black employees punitive damages for its malicious and reckless conduct, as described in paragraphs 12-14 above, in amounts to be determined at trial.

G.  Grant such further relief as the Court deems necessary and proper in the public interest.

H.  Award the Commission its costs of this action.

<u>JURY TRIAL DEMAND</u>

The Commission requests a jury trial on all questions of fact raised by its complaint.

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

Karla Gilbride
General Counsel

Gwendolyn Young Reams
Associate General Counsel

Equal Employment Opportunity Commission
131 M Street, N.E., 5th Floor
Washington DC 20507

Gregory Gochanour
Regional Attorney
Equal Employment Opportunity Commission
Chicago District Office
230 S. Dearborn St., Suite 2920
Chicago IL 60604
gregory.gochanour@eeoc.gov

Deborah Hamilton
Assistant Regional Attorney
Equal Employment Opportunity Commission
Chicago District Office
230 S. Dearborn St., Suite 2920
Chicago IL 60604
deborah.hamilton@eeoc.gov


/s/ Ann Henry
Ann Henry
Trial Attorney
Equal Employment Opportunity Commission
Chicago District Office
230 S. Dearborn St., Suite 2920
Chicago IL 60604
ann.henry@eeoc.gov
(312) 872-9659
ARDC # 6272394


/s/ Greger B. Calhan
Greger B. Calhan
Trial Attorney
Equal Employment Opportunity Commission
Minneapolis Area Office
330 2nd Ave S #720
Minneapolis MN 55401
greger.calhan@eeoc.gov
(612) 552-7323